AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America | ) |
| v. | ) Case: 1:24-mj-00126 |
| | ) Assigned To : Judge Zia M. Faruqui |
| Darl McDorman | ) Assign. Date : 4/9/2024 |
| | ) Description: COMPLAINT W/ARREST WARRANT |
| | ) |
| | ) |
| *Defendant* | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*     **Darl McDorman**                                            ,

who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment     ❏ Superseding Indictment     ❏ Information     ❏ Superseding Information     ☒ Complaint
❏ Probation Violation Petition     ❏ Supervised Release Violation Petition     ❏ Violation Notice     ❏ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 111(a)(1) and (b) – Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon,
18 U.S.C. § 1752(a)(1) and (b)(1)(A) – Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon,
18 U.S.C. § 1752(a)(2) and (b)(1)(A) – Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon,
18 U.S.C. § 1752(a)(4) and (b)(1)(A) – Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon,
40 U.S.C. § 5104(e)(2)(D) – Disorderly Conduct in a Capitol Building,
40 U.S.C. § 5104(e)(2)(F) – Act of Physical Violence in the Capitol Grounds or Buildings.

Date:     04/09/2024                                 _Zia M. Faruqui_

                                                           *Issuing officer's signature*

City and state:     Washington, D.C.          Zia M. Faruqui, U.S. Magistrate Judge

                                                           *Printed name and title*

| **Return** |
|---|
| This warrant was received on *(date)* 04/09/2024   , and the person was arrested on *(date)* 04/11/2024 at *(city and state)* WAYNESBORO, VA . |
| Date: 04/11/2024 _[signature]_ |
| *Arresting officer's signature* |
| BRAD BURACKER   SPECIAL AGENT |
| *Printed name and title* |

# UNITED STATES DISTRICT COURT

### for the

### District of Columbia

| | | |
|---|---|---|
| United States of America<br>v.<br><br>Darl McDorman<br>DOB: XXXXXX<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) | Case: 1:24-mj-00126<br>Assigned To : Judge Zia M. Faruqui<br>Assign. Date : 4/9/2024<br>Description: COMPLAINT W/ARREST WARRANT |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the

_____ in the District of ___Columbia___ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 111(a)(1) and (b) – Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon,<br>18 U.S.C. § 1752(a)(1) and (b)(1)(A) – Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon,<br>18 U.S.C. § 1752(a)(2) and (b)(1)(A) – Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon,<br>18 U.S.C. § 1752(a)(4) and (b)(1)(A) – Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon,<br>40 U.S.C. § 5104(e)(2)(D) – Disorderly Conduct in a Capitol Building,<br>40 U.S.C. § 5104(e)(2)(F) – Act of Physical Violence in the Capitol Grounds or Buildings. | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____04/09/2024_____

*Zia M. Faruqui*

_____
*Judge's signature*

City and state: _____Washington, D.C._____

Zia M. Faruqui, U.S. Magistrate Judge
*Printed name and title*

## STATEMENT OF FACTS

Your affiant, ████████████ is a Special Agent assigned to the Federal Bureau of Investigation, Richmond Field Office, Charlottesville Resident Agency. In my duties as a Special Agent, I investigate criminal and national security matters. Currently, I am tasked with multiple investigative cases regarding criminal activity in and around the United States Capitol ("U.S. Capitol") grounds on January 6, 2021. As a Special Agent, I am authorized by law or by a Government Agency to engage in or supervise the prevention, detection, investigation, or prosecution of a violation of Federal criminal laws.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification are allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the U.S. Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the U.S. Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. (all times herein are Eastern Standard Time). Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary, and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the U.S. Capitol and the proceedings underway inside.

At such time, the certification proceedings were still under way and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the U.S. Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the U.S. Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage, which appeared to be captured on mobile devices and closed captioning cameras, of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

### Facts Specific to DARL MCDORMAN

DARL MCDORMAN, was identified as an individual who was on the grounds of the U.S. Capitol for several hours on January 6, 2021. He wore a plaid shirt, baseball-style cap, dark blue or black jacket, a backpack, and red sneakers. In that time, he was involved in several assaults and violent acts.

On August 13, 2021, the FBI received a tip from Witness 1, who observed a social media post by MCDORMAN. In the post, MCDORMAN stated he was part of the Capitol riot and carried a person he claimed had died during the breach. Witness 1 provided two publicly available January 8, 2021 posts on MCDORMAN's Facebook page which described his involvement in the January 6, 2021 Capitol riot. He was also depicted on another person's Facebook page in a picture taken on January 6, 2021, in Washington, D.C. *See* Images 1A and 1B. Darl McDorman is circled in red wearing plaid shirt, baseball-style cap, dark blue or black jacket, a backpack, and red sneakers. *See* Image 1B.


**Darl McDorman**
8 January · 🌐

People, at first everyone was just standing at the barricade on the Capital steps chanting USA, USA.. There was no violence and the cops didn't announce anything, they just started deploying CS, pepper spay and flash grenades. At one point the cops killed an old man that was probably close to 70 and literally blew the bottom half of an old ladies pants off..We had to carry her down the steps. And not only did the cops kill that old man, they lit him and the people trying to give him CPR up with pepper balls. I mean yeah Antifa did infiltrate the crowd and later instigate with a plan of more shit way worse than what happened but the cops caused the patriots initial reaction.I Trust me we the people were peaceful even after the cops first attacked us but when the they killed that old man most of the patriots lost their shit 1776 style!

👍😢 13                                     3 comments  2 shares

*Image 1A*



*Image 1B*

On September 13, 2021, FBI conducted an interview with Witness 2, who had attended high school with MCDORMAN. On November 7, 2022, FBI conducted an additional interview with Witness 2, who was shown photographs of MCDORMAN on the Capitol Grounds on January 6, 2021, and was able to identify the person in Images 1A, 1B, 1C and Image 2 as MCDORMAN.



*Image 1C*

On September 14, 2021, facial and name recognition returned positive results for MCDORMAN. Facial recognition shows a YouTube video from the Capitol riots and grounds with results of MCDORMAN throwing multiple items at law enforcement officers, one item being a bike rack. *See* Images 24-25. The video depicts multiple tattoos and physical descriptive data that this agent was able to compare to MCDORMAN's driver's license and social media photos.

### *MCDORMAN Kicks USCP Officer - Assault Captured on MPD Officer C.W.'s BWC*

Metropolitan Police Department ("MPD") Officer's body worn camera shows events at the Capitol on January 6, 2021. At approximately 2:28 pm, a crowd of rioters assembled on the Lower West Terrace of the Capitol Grounds near the media tower. Law enforcement officers from U.S. Capitol Police ("USCP") and MPD had formed a line of bike racks to act as a barrier against the crowd. Officers stood behind this line, fending off repeated attempts by the rioters to breach the bike racks and assault the officers. The rioters eventually breached the line, swarmed the officers, and advanced towards the first landing of the Lower West Terrace. During the breach, rioters assaulted multiple officers.

At approximately 2:29 pm, MCDORMAN was at the front of the crowd, kicking a USCP Officer (hereinafter referred to as Unidentified Victim USCP Officer) with his right leg. *See* Images 2-3.



*Image 2*



*Image 3*

*MCDORMAN Throws Bottle at Officers - Assault Captured on MPD Officer J.S.'s BWC*

At approximately 2:41 pm, numerous USCP and MPD officers, after having had their positions on the Lower West Terrace of the U.S. Capitol overrun by rioters (including by MCDORMAN), fell back and began entering the Lower West Terrace tunnel, in an effort to prevent rioters from entering the U.S. Capitol building through that entrance. The officers attempted to secure the exterior glass doors behind them. At approximately 2:42 pm, rioters began entering the tunnel and fighting with the officers. The rioters broke the glass and forced the doors open. In response, the USCP and MPD officers formed a police line blocking that entrance to the U.S. Capitol building.

From approximately 2:42 pm and on, numerous rioters were consistently attempting to breach the police line that formed in the tunnel. The rioters used various weapons, as well as the force of their bodies, in an attempt to overcome the officers. The crowd was pushing against police and the police, which ran several officers deep, was pushing to get the rioters out of the doorway while fending off repeated attempts by the rioters to assault the officers. Many of the rioters assaulted MPD and USCP officers by hurling objects towards the officers, physically striking officers with batons and other blunt instruments, using lights to distract and disorient the officers, using electrical shock devices, crushing officers between the doors and walls of the confined space, and by deploying chemical sprays and fire extinguishers against the officers. At approximately 3:18 pm, officers were able to advance and start pushing the rioters back toward the mouth of the tunnel. During this process of advancing, officers continued to fend off repeated attempts by the violent rioters to assault them. At approximately 3:21 pm, officers were steadily maintaining a police line at the mouth of the tunnel. From 3:21 pm and on, rioters consistently disturbed the police line and assaulted and pushed against officers.

At approximately 4:34 pm, as the crowd of violent rioters continued their efforts to breach the tunnel and as the officers continued to attempt to maintain the police line and were fending off ongoing assaults by the rioters, MCDORMAN approached the tunnel and stood near the tunnel entrance. A rioter farther in the crowd threw what appeared to be a bottled beverage (hereafter referred to as object 1) towards the line of officers. *See* Image 4. Object 1 landed on the ground and did not appear to hit the officers. MCDORMAN proceeded to immediately pick up object 1 from the ground and throw it directly at the officers. *See* Image 5. Image 5 shows MCDORMAN's arm held up in air with the bottle in his hand right before he violently threw it at police officers.

 

*Image 4*                    *Image 5*

**MCDORMAN Throws Multiple Items at Officers - Assaults Captured on Video Available on YouTube Video, Entitled "FULL FOOTAGE: Patriots STORM U.S. Capitol"[1]**

At what your affiant believes to be 4:15 pm (the 1 hour 20 minute mark of the "FULL FOOTAGE" video), MCDORMAN stood in front of the Lower West Terrace where officers attempted to maintain a police line and fend off repeated assaults by rioters. MCDORMAN threw what appeared to be a silver short pipe at officers. *See* Images 6-7.

 

*Image 6*                    *Image 7*

---

[1] Available on YouTube Video at https://www.youtube.com/watch?v=iNFcdpZdkh0

Approximately one second later, MCDORMAN threw what appeared to be a different long metal brown pipe at the officers again. *See* Images 8-9.

 

*Image 8*

*Image 9*

Approximately 40 seconds later, MCDORMAN picked up what appeared to be a wooden flagpole off the ground and struck officers with it repeatedly. *See* Images 10 - 11. MCDORMAN's conduct occurred as numerous other rioters were repeatedly assaulting officers, including by striking and throwing objects at officers.

 

*Image 10*

*Image 11*

Approximately two minutes later, MCDORMAN was seen talking to an unidentified rioter and several seconds later was seen holding what appeared to be a metal object, which he then passed it to rioters closer to the tunnel. *See* Image 12. Seconds later, MCDORMAN took what appeared to be a desk drawer and passed it to the rioters closer to the tunnel. *See* Image 13**.** From my investigation, during the riot, some rioters passed one another items such as metal poles, flags, and other objects to use in the ongoing assaults against police officers.



*Image 12*                                    *Image 13*

***Multiple Assaults Captured on Video Enitled, "Police under attach at the US Capitol!!! {4K}"
aka "Cop Watch"[2]***

        Shortly after 4:15 pm, USCP began to clear the north side of the area known as the Upper West Terrace of the U.S. Capitol. USCP was assisted by at least four other law enforcement entities including Arlington County Police Department ("ACPD"), Montgomery County Police Department ("MCPD"), and MPD. Officers from these agencies used crowd-control techniques to direct trespassers, many of whom were assaulting officers, away from the U.S. Capitol. Specifically, officers from ACPD, MCPD, and MPD directed trespassers west to the main route of egress: Stairs from the Upper West Terrace to the Lower West Terrace.

        By approximately 5:12 pm, officers had cleared many trespassers from the north side of the Upper West Terrace to the Lower West Terrace and continued to direct the crowd to back up. The "Cop Watch" video shows MCDORMAN on the Lower West Terrace at about 5:12 pm. *See* Image 14. The "Cop Watch" video begins with a stamp at the bottom of the screen that states, "4:13PM EASTERN TIME," however the actual time appears to be 5:12 pm based on review of MCPD body-worn camera footage described herein. The "Cop Watch" video shows MCDORMAN initially backing away from the police line as police approached the Lower West Terrace. Within seconds MCDORMAN picked up what appeared to be a blue-colored folding lawn chair in a storage bag. MCDORMAN then threw the chair toward the police line. *See* Image 15.

---

[2] Available on YouTube at https://www.youtube.com/watch?v=wIFpSg-6HIc





*Image 14*

*Image 15*

The body-worn camera footed of MPD Lieutenant P.D. at 5:12 pm shows Lieutenant P.D. descending the stairs from the Upper West Terrace to the Lower West Terrace. As Lieutenant P.D. approached the Lower West Terrace at the bottom of the steps, an object which appeared to be a blue-colored folding chair in a bag, appearing to be the chair thrown by MCDORMAN, arcs into the air then down onto the back of the head, neck, and back of MPD Lieutenant C.F. *See* Images 16-17.





*Image 16*

*Image 17*

At approximately 5:13 pm, MCDORMAN can be seen in the "Cop Watch" video, approaching the police line (Image 18), this time holding a metal bike-rack-like police barrier with both hands and hurling it at the police line (Image 19). The barrier did not appear to strike any officers as its forward motion was apparently stopped by one of the barrier's feet striking vertical scaffolding. Immediately after this, a police officer appeared to move toward MCDORMAN, and MCDORMAN immediately turned and began retreating from the police line. Sometime thereafter, the video appears to show MCDORMAN launching an unidentified metal object, approximately 2-3 feet long, at the police line, which struck the shield of an unidentified MPD officer (Image 20).

 

*Image 18*  *Image 19*



*Image 20*

Based on the foregoing, your affiant submits that there is probable cause to believe that DARL MCDORMAN violated 18 U.S.C. § 111(a)(1) and (b), which makes it a crime to use a deadly or dangerous weapon to forcibly assault, resist, oppose, impede, intimidate, or interfere with a person designated in 18 U.S.C. § 1114, which includes certain federal officers or employees or those assisting them, where such acts involve physical contact with the victim of that assault, while the officer or employee is engaged in or on account of the performance of official duties.

Further, based on the foregoing, your affiant submits that there is probable cause to believe that DARL MCDORMAN violated 18 U.S.C. §§ 1752(a)(1), (2), (4) and (b)(1)(A), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; (4) knowingly engages in any act of physical violence against any person or property in any restricted building or grounds; and (b)(1)(A) using a deadly or dangerous weapon. For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Finally, your affiant submits there is probable cause to believe that Darl MCDORMAN violated 40 U.S.C. §§ 5104(e)(2)(D), and (F), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (F) engage in an act of physical violence in the Grounds or any of the Capitol Buildings.



Attested to by the applicant in accordance
with the requirements of Fed. R. Crim.
P. 4.1 by telephone,
this 9th day of April 2024.

Zia M.
Faruqui

_____
ZIA M. FARUQUI
U.S. MAGISTRATE JUDGE

## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

## CRIMINAL MINUTES - INITIAL APPEARANCE - RULE 5
### (Complaint/Indictment/Other District)

Case No.:  **5:24mj00027**                                  Date:  **4/11/2024**

---

**Defendant(s):  Darl McDorman, csustody**              **Counsel:  Mary Maguire, FPD**

---

PRESENT:       Presiding Judge:      Joel C. Hoppe, USMJ      TIME IN COURT:  11:21-11:50=29 minutes
               Deputy Clerk:         Karen Dotson
               Court Reporter:       Karen Dotson, FTR
               AUSA:                 Sean Welsh
               USPO:                 Monica Campbell
               Case Agent:           FBI SA Buracker
               Interpreter:          not needed

☒       Defendant arrested on warrant from District of D.C.

**RIGHTS:**

☒       Defendant advised of charges and nature of proceedings and provision of Rule 20.
☒       Defendant advised of right to retain counsel or to request that counsel be appointed.
☒       Defendant advised of right to preliminary exam.
☒       Defendant advised of right to identity hearing.
☒       Defendant advised of right to a bond/detention hearing.

**COUNSEL:**

☒       Defendant present with counsel.
☐       Defendant present without counsel.
☒       Defendant requests appointment of counsel.  CJA 23 Financial Affidavit completed and present today.

**IDENTITY:**

☐       Identity hearing held.
☒       Identity hearing waived.*

**PRELIMINARY HEARING:**

☐       Preliminary hearing held.
☐       Preliminary hearing waived.*
☒       Defendant requests preliminary hearing in prosecuting district.*

**RELEASE/DETENTION:**

☐       Defendant does not contest detention.
☐       Government moves for detention.
☐       Detention hearing held.  Record brief minutes of proceeding.
☒       Government does not oppose bond.  Bond set at $10,000 Unsecured bond.
☐       Order of Commitment to Another District (AO 94).
        OR
☒       Conditions of Release/Bond to enter
.

**<u>Additional Information:</u>**

All parties present in person
Next court appearance with D.C. is on April 23rd at 12:30 pm by Zoom (Zoom information given to the dft)
Conditions of release reviewed with dft in open court
Dft released


**\*<u>REMINDER:</u>**  FORM AO466A - WAIVER OF RULE 5 & 5.1 HEARING MUST BE COMPLETED AND SIGNED BY DEFENDANT.

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT

FILED IN OPEN COURT

DATE: 4/11/24

DEPUTY CLERK

for the

Western District of Virginia ☑

|  |  |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| Darl McDorman | ) |
| *Defendant* | ) |

Case No. 5:24mj00027

Charging District's Case No. 1:24mj00126

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* District of DC.

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐     an identity hearing and production of the warrant.

☐     a preliminary hearing.

☐     a detention hearing.

☑     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my ☑ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 4/11/2024

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

mary E. maguire, FPD
*Printed name of defendant's attorney*

AO 199A (Rev. 06/19 – VAW Additions 7/21) Order Setting Conditions of Release

Page 1 of  4  Pages

## UNITED STATES DISTRICT COURT

FILED IN OPEN COURT

DATE: 4/11/24

K Batson

DEPUTY CLERK

for the

Western District of Virginia

United States of America )
v. )
_Darl McDorman_ )
_Defendant_ )

Case No. 5:24mj00027

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at:   U.S. District Court   D.C. by Zoom

_Place_

on  April 23, 2024   12:30 pm

_Date and Time_

If blank, defendant will be notified of next appearance.

(5) [✓] The defendant promises to appear in court as required and surrender to serve any sentence imposed.

(6) [ ] The defendant executes an unsecured bond binding the defendant to pay the United States the sum of
dollars ($                              ) in the event of a
failure to appear as required or surrender to serve any sentence imposed.

AO 199B (Rev. 12/20 – VAW Additions 7/21)  Additional Conditions of Release                      Page  2  of  4  Pages

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ )   (6)   The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and state _____    Tel. No. _____
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____
_____
Custodian                                                    Date

( ☑ )   (7)   The defendant must:
( ☑ )   (a)   submit to supervision by and report for supervision to the   U.S. Probation Office ,
telephone number  (540)434-4145  no later than   upon release from custody
( ☑ )   (b)   continue or actively seek employment.
( ☐ )   (c)   continue or start an education program.
( ☐ )   (d)   surrender any passport to: _____
( ☑ )   (e)   not obtain a passport or other international travel document.
( ☑ )   (f)   abide by the following restrictions on personal association, residence, or travel:   Remain in the WDVA and not travel outside the WDVA without permission
of the supervising officer.  except  for  Court appearances of attorney meetings in D.D.C.
( ☐ )   (g)   avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution,
including: _____

( ☐ )   (h)   get medical or psychiatric treatment: _____

( ☐ )   (i)   return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling,
or the following purposes: _____

( ☐ )   (j)   maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers
necessary.
( ☑ )   (k)   not possess a firearm, destructive device, or other weapon.  Defendant's residence must be free of firearms.
( ☑ )   (l)   not use alcohol ( ☐ ) at all ( ☑ ) excessively.
( ☑ )   (m)   not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed
medical practitioner.
( ☑ )   (n)   submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.  Testing may be used with
random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of
prohibited substance screening or testing.  The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy
of prohibited substance screening or testing.
( ☑ )   (o)   participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or
supervising officer.
( ☐ )   (p)   participate in one of the following location restriction programs and comply with its requirements as directed.
( ☐ ) (i)   **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____ , or ( ☐ ) as
directed by the pretrial services office or supervising officer; or
( ☐ ) (ii)   **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services;
medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other
activities approved in advance by the pretrial services office or supervising officer; or
( ☐ ) (iii)   **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and
court appearances or other activities specifically approved by the court; or
( ☐ ) (iv)   **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However,
you must comply with the location or travel restrictions as imposed by the court.
Note: Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

AO 199B (Rev. 12/20 – VAW Additions 7/21) Additional Conditions of Release

## ADDITIONAL CONDITIONS OF RELEASE

( ☐ ) (q)  submit to the following location monitoring technology and comply with its requirements as directed:
  ( ☐ ) (i)    Location monitoring technology as directed by the pretrial services or supervising officer; or
  ( ☐ ) (ii)   Voice Recognition; or
  ( ☐ ) (iii)  Radio Frequency; or
  ( ☐ ) (iv)  GPS.

( ☐ ) (r)  pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( ☑ ) (s)  report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☑ ) (t)  the defendant shall follow the instructions of the pretrial supervising officer.

( ☐ ) (u)  the defendant shall not incur new credit charges or open additional lines of credit without the approval of the supervising officer.

( ☐ ) (v)  not associate with any known illegal users/possessors of controlled substances and shall not be present in any location where controlled substances are being illegally used and/or distributed, unless approved by the supervising officer in cooperation with law enforcement officers.

( ☐ ) (w) _____

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Deputy Clerk

_____
*Defendant's Signature*

Charlottesville, VA
*City and State*

## Directions to the United States Marshal

( ☑ ) The defendant is ORDERED released after processing.
( ☐ ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: ___4/11/2024___

_____
*Judicial Officer's Signature*

Hon. Joel C. Hoppe, U.S. Magistrate Judge
*Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT

FILED IN OPEN COURT

DATE: 4|11|24

for the

Western District of Virginia

K Dotm

DEPUTY CLERK

United States of America

v.

Darl McDorman

*Defendant*

)
)
)
)
)

Case No. 5:24mj00027

## APPEARANCE BOND

### Defendant's Agreement

I, Darl McDorman *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( X )     to appear for court proceedings;
( X )     if convicted, to surrender to serve a sentence that the court may impose; or
( X )     to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   ) (1)   This is a personal recognizance bond.

( ✓ ) (2)   This is an unsecured bond of $ 10,000.00 .

(   ) (3)   This is a secured bond of $ _____ , secured by:

     (   ) (a) $ _____ , in cash deposited with the court.

     (   ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it – such as a lien, mortgage, or loan – and attach proof of ownership and value)*:

     If this bond is secured by real property, documents to protect the secured interest may be filed of record.

     (   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1)   all owners of the property securing this appearance bond are included on the bond;
(2)   the property is not subject to claims, except as described above; and
(3)   I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 4|11|2024

_____
*Defendant's signature*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

CLERK OF COURT

Date: 4|11|2024

_____
*Signature of* ~~Clerk or~~ *Deputy Clerk*

Approved.

Date: 4|11|2024

_____
*Judge's signature*

CLOSED

# U.S. District Court
## Western District of Virginia (Harrisonburg)
## CRIMINAL DOCKET FOR CASE #: 5:24-mj-00027-JCH-1

Case title: USA v. McDorman                      Date Filed: 04/11/2024
Other court case number:  1:24mj00126 USDC - District of D.C.    Date Terminated: 04/11/2024

---

Assigned to: Magistrate Judge Joel C.
Hoppe

**Defendant (1)**

**Darl McDorman**                    represented by   **Mary Elizabeth Maguire**
*TERMINATED: 04/11/2024*                             Office of the Federal Public Defender
                                                     401 E. Market Street, Suite 106
                                                     Charlottesville, VA 22902
                                                     540-777-0895
                                                     Email: mary_maguire@fd.org
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: Public Defender or*
                                                     *Community Defender Appointment*
                                                     *Bar Status: US-Govt-Agency*

**Pending Counts**                                   **Disposition**
None

**Highest Offense Level (Opening)**
None

**Terminated Counts**                                **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**                                       **Disposition**
None

---

**Plaintiff**

**USA**

represented by **Duty Assistant - Harrisonburg**
United States Attorneys Office
Western District of Virginia
116 N. Main Street, Room 130
Harrisonburg, VA 22802
Email:
USAVAW.ECFDutyHburg@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney*
*Bar Status:*

Email All Attorneys

Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 04/11/2024 | | Arrest - 5(c)(3) of Darl McDorman (kld) |
| 04/11/2024 | 1 | Charging Documents from District of D.C. - Rule 5(c)(3) as to Darl McDorman (Attachments: # 1 Statement of Facts, # 2 Unredacted Complaint, # 3 Unredacted Statement of Facts, # 4 arrest warrant) (kld). |
| 04/11/2024 | 2 | NOTICE OF HEARING as to Darl McDorman (CUSTODY) **(FTR)** Initial Appearance - Rule 5c3 set for 4/11/2024 11:00 AM in Charlottesville before Magistrate Judge Joel C. Hoppe.(kld) |
| 04/11/2024 | 3 | Minute Entry for proceedings held before Magistrate Judge Joel C. Hoppe:Initial Appearance Rule 5(c)(3) Complaint/Indictment - Other District as to Darl McDorman held on 4/11/2024, Bond Hearing as to Darl McDorman held on 4/11/2024. Defendant released on Bond. (FTR Operator: Karen Dotson)(kld) |
| 04/11/2024 | 4 | CJA 23 Financial Affidavit as to Darl McDorman (kld) |
| 04/11/2024 | 5 | ORAL ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Darl McDorman. Entered by Magistrate Judge Joel C. Hoppe on 4/11/2024. *This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached.*(kld) |
| 04/11/2024 | 6 | WAIVER of Rule 5(c)(3) Hearing by Darl McDorman (kld) |
| 04/11/2024 | 7 | ORDER Setting Conditions of Release as to Darl McDorman (1) $10,000 Unsecured. Signed by Magistrate Judge Joel C. Hoppe on 4/11/24. NOTE TO RECEIVING COURT: Please access WDVA CM/ECF NextGen to retrieve needed documents and the Docket Sheet related to this proceeding. (kld) |
| 04/11/2024 | 8 | Unsecured Bond Entered as to Darl McDorman in amount of $10,000 (kld) |
| 04/11/2024 | 9 | FTR Log Notes as to Darl McDorman for Rule 5 hearing in the Charlottesville Division in CR3 held before Judge Joel C. Hoppe on 4/11/24. In accordance with 28 USC 753(b), I certify that I monitored the digital recording of this proceeding and that it is a true and correct record, that it is sufficiently intelligible when played on the FTR (For the Record) Player, and that it can be transcribed without undue difficulty. FTR Operator: Karen Dotson (kld) |
| 04/12/2024 | 10 | Arrest Warrant Returned Executed on 4/11/2024 in case as to Darl McDorman. (kld) |